## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 88-CR-00825-SCOLA

UNITED STATES OF AMERICA

vs.

JAMES NINO,

      Defendant.

_____/

### FACTUAL PROFFER

The United States of America (the "United States"), JAMES NINO (the "Defendant"), and his undersigned counsel agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida:

1.      On September 26, 1988, the Defendant was incarcerated at the Metropolitan Correctional Center ("MCC") in Miami, Florida, having previously pled guilty to a federal narcotics-trafficking offense in the Southern District of Florida (Case No. 88-CR-121).   He was awaiting sentencing in that case, which was scheduled to take place on November 8, 1988.

2.      On November 7, 1988, the Defendant, with the aid of an accomplice, walked out of MCC, escaping from federal custody.   On that same day, personnel from the U.S. Bureau of Prisons ("BOP") at the MCC issued a Notice of Escaped Federal Prisoner, noting that the Defendant was "missing during an official institutional count."

3.      On November 8, 1988, Magistrate Judge Samuel J. Smargon issued a warrant on a new criminal complaint charging the Defendant with "Escape from Federal Custody," in violation of 18 U.S.C. § 751(a).   On March 1, 1989, the Deputy Clerk of the Court filed a notice

transferring the case to fugitive status, "until such time [] the fugitive(s) above-named are apprehended."   In addition, on July 25, 1989, the District Judge presiding over the Defendant's pending narcotics prosecution issued a warrant for the Defendant's "failure to appear for sentencing on 11/8/88."

4.      More than thirty (30) years later, in or around November 2022, Panamanian officials notified personnel from the U.S. Marshals Service ("USMS"), notifying them that the Defendant was being deported from Panama due to the pending warrant against him in the Southern District of Florida, and that he would be transported to Miami, Florida, by Panamanian officials.

5.      On or about December 1, 2022, deputies with the USMS met the officials transporting the Defendant, at which point the Defendant confirmed his name and his identity as the man named in the above-referenced arrest warrants.


[THIS SECTION IS LEFT INTENTIONALLY BLANK]

6.      The parties agree that these facts, which do not include all facts known to the United States and the Defendant, are sufficient to prove the charge in the Indictment, in violation of 18 U.S.C. § 751(a), beyond a reasonable doubt.

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

Date: 3/14/2023          By: _____
                         EDUARDO GARDEA, JR.
                         ASSISTANT UNITED STATES ATTORNEY

Date: 3/14/23            By: _____
                         AFPD JENNY WILSON, ESQ.
                         ATTORNEY FOR DEFENDANT

Date: 3/14/23            By: _____
                         AFPD ERIC M. COHEN, ESQ.
                         ATTORNEY FOR DEFENDANT

Date: 3/14/23            By: _____
                         JAMES NINO
                         DEFENDANT

3